# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9307 | **DATE** | 11/15/2004 |
| **CASE TITLE** | COMPUTRON vs. MEDSTONE, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Medstone's motion to dismiss Count III of plaintiff's amended complaint alleging civil conspiracy is granted. Enter memorandum opinion and order.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 23 2004 | |
| ✓ | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| DW | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| COMPUTRON DISPLAY SYSTEMS, INC., dba IMAGING TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>MEDSTONE INTERNATIONAL INC., GLOBAL STAR MEDICAL CO. and TONY ASBILLE,<br><br>Defendants. | No. 03 C 9307<br>Judge James B. Zagel |



## MEMORANDUM OPINION AND ORDER

Plaintiff Computron Display Systems, Inc. ("Computron") filed an amended three-count Complaint against Defendants Medstone International Inc. ("Medstone"), Global Star Medical Co. ("Global"), and Tony Asbille on April 12, 2004. Computron's Complaint states that it entered into a contract with Medstone under which Medstone manufactured pain management tables bearing Plaintiff's "Imaging Technologies" name to be sold by Plaintiff to third-party customers. Computron alleges that in 2002, Defendants Global and Asbille entered into an agreement with Medstone whereby Medstone would sell management tables bearing the "Imaging Technologies" name to Global and Asbille, for sale to third parties.

According to the Complaint, Global and Asbille successfully negotiated for the sale of at least one Medstone pain management table bearing the "Imaging Technologies" name to a third party. Computron alleges that "numerous other tables" bearing its nameplate were sold by the Defendants in 2002 and 2003. Plaintiff's allegations include breach of contract by Defendant Medstone, tortious interference with contract by Defendants Global and Asbille, and a civil

conspiracy by all three Defendants. Defendant Medstone now moves to dismiss Plaintiff's third count of civil conspiracy pursuant to *Fed. R. Civ. P. 12(b)(6)*.

## *Standard for Dismissal*

A Rule 12(b)(6) motion tests the sufficiency of a complaint, not the merits of a case. *See Autry v. Northwest Premium Servs. Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998); *and Collins v. Snyder*, No. 02 C 4493, 2002 U.S. Dist. LEXIS 25016, at *3 (N.D. Ill. Dec. 2, 2002). Under *Fed. R. Civ. P. 8(a)*, a complainant must provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." I should grant Medstone's motion to dismiss only if Computron cannot prove any set of facts in support of its claim that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the Complaint as true, drawing all reasonable inferences from those facts in the Plaintiff's favor. *See Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002).

That said, the purpose of the "short and plain statement" required by Rule 8 is to give defendants notice of the claims alleged by plaintiffs and the grounds upon which those claims rest. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley*, 355 U.S. at 47); *and Thompson v. Ill. Dep't. Prof'l. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). The decisions of this Circuit stress that a plaintiff is not required to plead facts in order to provide a defendant with notice of the claim, but may plead only conclusions. *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). However, a plaintiff who pleads only conclusions "must provide the defendant with at least minimal notice of the claim." *Id.* at 154; *see also Kyle v. Morton High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998) (pleading conclusions does not render a complaint insufficient, but insufficiency may arise from

conclusions that fail to give notice of the claim). Courts within this Circuit often require that a complaint allege the "operative facts" upon which a claim is based in order to survive a motion to dismiss. *See Collins*, 2002 U.S. Dist. LEXIS 25016 at *3-4 (citations omitted). Complaints containing only "bald assertion[s]" or "bare legal conclusions" that fail to provide defendants with an understanding of the claim are disfavored. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992); *Collins*, 2002 U.S. Dist. LEXIS 25016 at *4 (citation omitted).

***Computron's Civil Conspiracy Claim***

Count III of Computron's amended complaint begins by incorporating by reference the first twelve paragraphs of Count I. These paragraphs allege that Medstone breached its contract with Computron by selling pain management tables inscribed with Computron's "Imaging Technologies" name to co-Defendants Global and Asbille, and kept the profits of one such table sold to a physician in Clinton, Iowa. The only new allegations raised by Count III state that:

> 13. In 2002 Asbille, on his own account as well as on behalf of Global, and an unknown officer, employee or agent of Medstone intentionally agreed to participate in an unlawful act,
> 14. In 2002 and 2003 Asbille, Global and Medstone's said officer, employee or agent committed unlawful tortious acts in furtherance of the common scheme,
> 15. The conduct of Asbille, Global and Medstone was in reckless disregard of the rights of Plaintiff,
> 16. As a proximate result of the said conduct of Asbille, Global and Medstone, Plaintiff sustained damages.

*Pl.'s Am. Compl.*, Count III, ¶¶ 13-16.

Medstone argues that Count III fails to provide adequate notice of the basis of the claim. Under the federal notice-pleading regime, Computron is not required to plead all of the facts supporting the alleged conspiracy. The Supreme Court's 2002 decision in *Swierkiewicz v. Sorema, N.A.* re-affirmed the Court's commitment to the federal notice pleading, overturning a

Second Circuit decision imposing a heightened pleading standard on plaintiffs filing claims of employment discrimination. 534 U.S. 506 (2002). The Seventh Circuit subsequently held that allegations of civil conspiracy cannot be held to a heightened pleading standard. *Hoskins v. Poelstra* at 764 ("[i]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with") (quoting *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002)).

Unfortunately, Computron did not endeavor even to hint at the general purpose or scope of the purported conspiracy among Defendants, and therefore failed to meet *Walker's* minimal standard. Computron alleges only that Asbille and an "unknown officer, employee or agent of Medstone" agreed to participate in an unlawful act and then committed an unlawful tortious act or acts in furtherance of an unidentified common scheme. Computron's failure to allege the general nature of this scheme is fatal to its claim; it is unclear whether Plaintiff intended to plead a conspiracy regarding the breach of contract or a conspiracy to harm Plaintiff in some other way. Offering only vague conclusions, the count lacks any information that would give Defendants a sense of the scope and nature of the claim. *See Lucien*, 967 F.2d at 1168 (plaintiff sought § 1983 damages and requested declaratory and injunctive relief on the basis that a letter sent by the defendant to the Prisoner Review Board contained lies; complaint must contain more than "bald assertion" that defendant lied); *and Kyle*, 144 F.3d at 454-55 (plaintiff alleged a conspiracy to deprive him of his position and hinder and harass him in violation of the First Amendment; yet complaint's conclusions failed to give notice of his claim). *Cf. Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (complaint "detailed the events leading to [plaintiff's] termination," and "provided relevant dates"); *and McCormick v. City of Chicago*. 230 F.3d 319, 325 (7th Cir.

2000) (noting that unlike cases in which the plaintiff's pleading "left out facts necessary to give the defendants a complete understanding of the claims," the "factual cause" of this plaintiff's claim is "clear").

Computron's complaint lacks the element of notice that allowed both the Seventh Circuit and the Supreme Court to find the notice-pleading standard of Rule 8 satisfied in *Hoskins* and *Swierkiewicz*, repsectively. *See Hoskins* at 764-65 (plaintiff alleged the general roles of the parties, suggesting that one Defendant "set the events in motion" with the purpose of using "contacts and influence" to acquire property); *and Swierkiewicz* at 514 (plaintiff identified events, relevant dates and alleged other actions which gave the defendant fair notice of the claims and the grounds upon which they rested). *Cf. Shields v. Property Mgt. One Ltd.*, No. 02 C 3712, 2003 U.S. Dist. LEXIS 13498 (N.D. Ill. Aug. 5, 2003) (finding–notwithstanding the decisions in *Swierkiewicz* and *Walker*–that plaintiff failed to adequately allege conspiracy; while plaintiff identified the purpose of the conspiracy, he failed to "provide[ ] facts regarding the identities of the parties involved"). Notice pleading requires, at the very least, notice of the scope and nature of the harm alleged. *See Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999) (upholding dismissal of conspiracy claim when "[t]he form and scope of the conspiracy are thus almost entirely unknown"). As noted above, Plaintiff fails to meet even this minimum standard.

In *Hoskins*, Judge Easterbrook stated that the *Ryan* decision "was exceptional because the complaint 'did not so much as hint at what role' the defendant had played in the supposed joint undertaking." 320 F.3d at 764. I believe that Computron's allegation of civil conspiracy is similarly exceptional. The Complaint does not attempt to outline the nature of the agreement or

5

"common scheme" into which the Defendants purportedly entered, nor does it allege which Medstone employee or employees may have been involved in the conspiracy. Computron simply makes the bald assertion that Medstone conspired with Asbille and Global. That allegation is insufficient to state a cause of action for civil conspiracy. *See Ryan*, 188 F.3d at 860 ("[t]his is a case of a bare allegation of conspiracy, and such an allegation does not satisfy Rule 8"); *and Buckner v. Atlantic Plant Maint. Inc.*, 182 Ill. 2d 12, 24 (1998) (upholding dismissal of conspiracy claim as conclusory allegations were insufficient to state cause of action).

Medstone also argues that the civil conspiracy count cannot survive the Motion to Dismiss because the count fails to allege a specific tortious act in furtherance of the alleged conspiracy. Under Illinois law, a civil conspiracy requires a "combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Buckner*, 182 Ill. 2d at 23-24 (citing *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62 (1994)). A plaintiff alleging civil conspiracy must allege not only an agreement but also a tortious or unlawful act committed in furtherance of that agreement. *Adcock*, 164 Ill. 2d at 63.

In the instant case, Computron duly alleged "unlawful tortious acts" in furtherance of Medstone, Asbille and Global's "common scheme," but did so without giving any indication of what those unlawful, tortious acts might be. *Pl.'s Am. Compl.*, Count III, ¶ 14. Computron has alleged tortious interference with contract against Asbille and Global; however, those allegations are legally insufficient to form the basis of a conspiracy claim against Medstone, as Medstone cannot tortiously interfere with its own contract. *See Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1374-75 (7th Cir. 1990); *and Quist v. Bd. of Trustees of Community*

*College Dist. No. 525*, 629 N.E.2d 807, 811-812 (Ill. App. Ct. 1994). Therefore, the conspiracy allegation fails as a matter of law.

For these reasons, Medstone's Motion to Dismiss Count III of Plaintiff's Amended Complaint alleging civil conspiracy is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 15 Nov 2004